**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RICHARD WEBER, | Civil Action No. 09-4682 (MLC) |
| Plaintiff, | |
| v. | **O P I N I O N** |
| MERCER COUNTY PUBLIC DEFENDERS OFFICE, | |
| Defendant. | |

**APPEARANCES:**

Richard Weber, <u>Pro Se</u>, #536551
Mercer County Correctional Center
P.O. Box 8068, Trenton, NJ 08650

**COOPER, District Judge**

Plaintiff, Richard Weber, who is confined at the Mercer County Correctional Center, Trenton, New Jersey, seeks to bring this action asserting violations of his constitutional rights. The complaint was submitted on September 14, 2009. On September 25, 2009, this Court administratively terminated the action because Plaintiff had neither paid the filing fee, nor applied to proceed in forma pauperis. On October 2, 2009, Plaintiff paid the $350 filing fee. The Court then reopened the action.

The Court must review the complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who

is immune from such relief.  The complaint, for the following reasons, will be dismissed.

## BACKGROUND

Plaintiff states that Ed Belmont, the public defender assigned to him for a criminal case, violated his constitutional rights.  He argues that his co-defendant had a public defender from the same office, and that the situation constituted a conflict of interest; that Belmont did not dedicate any time to working on his case; and that Belmont did not want Plaintiff to go to trial so persuaded him to take a plea.

Plaintiff asks for monetary relief.  At the time he filed his complaint, he had not yet been sentenced by the state courts.

## DISCUSSION

**A.  Standard of Review**

A district court must review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to _sua sponte_ dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to _sua sponte_ screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in the plaintiff's favor.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

In Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the Supreme Court examined Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief".[1]  Citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed.R.Civ.P. 8(d).

3

This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See id. at 1948. Iqbal emphasizes that a plaintiff must demonstrate that the allegations of the complaint are plausible. See id. at 1949-50; see also Twombly, 505 U.S. at 555 & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-12 (3d Cir. 2009).

**B.   42 U.S.C. § 1983**

To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct at issue (1) was committed by a person acting under color of state law and (2) deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   The Complaint Will Be Dismissed.**

To the extent that Plaintiff requests release due to the alleged constitutional violations, the claim will be dismissed. The Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v.

4

Rodriquez, 411 U.S. 475, 500 (1973).  Thus, if Plaintiff seeks release, his claims are not cognizable under § 1983; rather, Plaintiff must file a habeas petition, pursuant to 28 U.S.C. § 2254, after exhaustion of his state court proceedings.

To the extent Plaintiff seeks monetary relief, his claims must also be dismissed.  To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law.  But Belmont, as a public defender, was not a state actor for purposes of § 1983.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

Liberally construing the complaint, Plaintiff may be seeking damages for the allegation that he received ineffective assistance of counsel in his criminal proceedings.  However, monetary relief would not yet be available to Plaintiff, as he has not plead that his conviction has been overturned or reversed on appeal or other collateral review, to allow him to be awarded monetary damages.  See Heck v. Humphrey, 512 U.S. 477 (1994).

**CONCLUSION**

Based upon the foregoing, the complaint will be dismissed. The Court will issue an appropriate order and judgment.

```
                                    s/ Mary L. Cooper
                                 MARY L. COOPER
                                 United States District Judge
```

Dated: May 7, 2010